**Juan Alberto GALDAMEZ, Sr., Appellant**

v.

**XEROX CORPORATION, Appellee.**

No. 05–7047.

United States Court of Appeals, District of Columbia Circuit.

Feb. 16, 2006.

Dennis Chong, Law Office of Michael J. Hoare, PC, Washington, DC, for Appellant.

Robert R. Niccolini, McGuire Woods LLP, Baltimore, MD, for Appellee.

Before: SENTELLE and HENDERSON, Circuit Judges and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. It is

■ **ORDERED** that the judgment from which this appeal has been taken be affirmed. Juan Alberto Galdamez, Sr., appeals the district court's grant of summary judgment on his claims of unlawful discrimination and unlawful retaliation in violation of the District of Columbia Human Rights Act (DCHRA), D.C.Code. Ann. § 2–1403.16(a). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law' "; a genuine issue exists "only if 'a reasonable jury could return a verdict for the nonmoving party.' " *Taylor v. Small,* 350 F.3d 1286, 1290 (D.C.Cir.2003) (quoting Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (alteration in original)). Although Galdamez claimed that other similarly situated employees were treated more favorably than he, he failed to show that his termination was based on his ethnicity. *See Blackman v. Visiting Nurses Ass'n,* 694 A.2d 865, 868–69 (D.C.1997). On appeal, Galdamez points to only a single employee—Gary Sumner—who, he alleges, was similarly situated and treated more favorably. We agree with the district court, however, that Sumner was not similarly situated. Accordingly, Galdamez failed to make a showing on an essential element of his claim and summary judgment was appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (moving party is "entitled to a judgment as a matter of law" if nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

■ Summary judgment was also appropriate on Galdamez's retaliation claim. Assuming without deciding that his filing of an administrative complaint with the District of Columbia Office of Human Rights tolled the statute of limitations, the claim fails nonetheless because Galdamez failed to rebut Xerox Corporation (Xerox)'s legitimate, nondiscriminatory reason for his termination. Although a plaintiff need only show a "reasonable good faith belief that the practice [he] opposed was unlawful under the DCHRA," *Grant v. May Dep't Stores Co.*, 786 A.2d 580, 586 (D.C.2001) (quotation marks and citations omitted), there is no doubt that Xerox's legitimate, nondiscriminatory termination of Galdamez was not pretextual. Xerox informed all employees that a condition of employment was successful completion of the respirator fit-test and that any employee—except those with valid religious or medical reasons—who did not take the test would be considered to have voluntarily resigned. Indeed, every Xerox employee except two took the fit-test. One had a valid medical reason for not taking the test and the other was Galdamez. In terminating Galdamez, Xerox simply followed through on its previously announced, uniformly applied policy. In these circumstances, Galdamez suffered no unlawful retaliation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.